# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

JEAN WHITNEY, individually on behalf of
all others similarly situated,

                Plaintiff,

                *vs.*                Case No. 1:19-cv-00922

CONSTAR FINANCIAL SERVICES, LLC,
an Arizona Limited Liability Company.

                Defendant.

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

This action is brought by Plaintiff, JEAN WHITNEY ("WHITNEY"), individually and on behalf of all others similarly situated, against Defendant, CONSTAR FINANCIAL SERVICES, LLC ("CONSTAR"), based on the following:

### I. PRELIMINARY STATEMENT

1. Plaintiff bring this action individually and on behalf of all others similarly situated for the illegal practices of Defendant when attempting to collect an alleged debt from her in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

2. Such practices include attempting to collect consumer debts by engaging in conduct prohibited by, or failing to engage in conduct required by, the FDCPA.

3. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The

FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4. The FDCPA, at 15 U.S.C. § 1692c, prohibits when and with whom a debt collector may communicate when attempting to collect a debt and, at 15 U.S.C. § 1692b, limits communications with third parties to the collection of "location information."

5. When collecting or attempting to collect a debt, the FDCPA bars a debt collector's use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

6. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g.

7. When the collection process escalates to litigation, the FDCPA prohibits lawsuit from being commenced in a distant venue. 15 U.S.C. § 1692i.

8. The FDCPA is a strict-liability statute, which provides for actual or statutory damages upon the showing of one violation, regardless of any actual damages. *McMahon v. LVNV Funding, LLC*, 807 F.3d 872, 876 (7th Cir. 2015).

9. A single violation is sufficient to establish liability. *Nielsen v. Dickerson*, 307 F.3d 623, 640 (7th Cir. 2002).

10. A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

11. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. Statutory damages are limited: a plaintiff may recover no more than $1,000, and the class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less.

12. Plaintiff seeks, both individually and on behalf of all others similarly situated, such relief as is allowed under FDCPA including, without limitation, statutory damages, attorney fees, and costs.

## II. PARTIES

13. WHITNEY is a natural person.

14. At all times relevant to this lawsuit, WHITNEY was a citizen of, and resided in, the City of Menasha, Winnebago County, Wisconsin.

15. CONSTAR is a for-profit limited liability corporation formed under the laws of the State of Arizona.

16. WHITNEY is informed and believe, and on that basis alleges, that CONSTAR maintains its principal business address at 10400 N. 25th Ave., Suite 100, Phoenix, AZ 85021.

17. Upon information and belief, CONSTAR's registered agent for service in Wisconsin is Business Filings Incorporated, 8020 Excelsior Dr., Suite 200, Madison, WI 53717.

### III.  JURISDICTION & VENUE

18. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

19. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to WHITNEY's claims occurred within this federal judicial district, and because CONSTAR is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

### IV.  FACTS

20. CONSTAR regularly engages in the collection of defaulted consumer debts.

21. CONSTAR regularly engages in the collection of defaulted consumer debts owed to others.

22. In attempting to collect debts, CONSTAR uses the mail, telephone, internet, and other instruments of interstate commerce.

23. CONSTAR mailed or caused to be mailed a two-page letter dated November 23, 2018 (the "Letter") to WHITNEY.

24. A true and correct copy of the Letter is attached as *Exhibit A*, except that the undersigned has partially redacted it.

25. The Letter alleged WHITNEY had incurred and defaulted on a financial obligation (the "Debt").

26. The alleged Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for

personal, family, or household purposes, namely the purchase of an automobile for personal, family, or household use.

27. The Letter was CONSTAR's first written communication to WHITNEY attempting to collect the Debt.

28. On information and belief, sometime prior to November 23, 2018, the creditor of the Debt either directly or through intermediate transactions assigned, placed, or transferred the debt to CONSTAR for collection.

29. In the top-right corner of the first page of the Letter, CONSTAR stated in relevant part: "Creditor: HYUNDAI MOTOR FINANCE COMPANY."

30. Beneath the date on the first page of the Letter, CONSTAR stated in relevant part: "Current Creditor: HYUNDAI MOTOR FINANCE COMPANY."

31. In the body of the first page of the Letter, CONSTAR stated in relevant part: "HYUNDAI MOTOR FINANCE COMPANY has placed your account with this agency for collection."

32. The creditor of the Debt was not Hyundai Motor Finance Company.

33. By stating that the Creditor was "HYUNDAI MOTOR FINANCE COMPANY", CONSTAR failed to accurately state the name of the creditor to whom the Debt is owed in violation of 15 U.S.C. 1692g(a)(2).

34. On information and belief, the Letter was created by merging information specific to a debt on a consumer with a template to create what is commonly called a "form letter."

35. Consequently, on information and belief, CONSTAR caused the same form collection letter to be mailed to others, who like WHITNEY, reside in Wisconsin.

## V.  CLASS ALLEGATIONS

36. CONSTAR's conduct is consistent with its policies and practices when attempting to collect debts from consumers. Consequently, this action is brought by WHITNEY, both individually and on behalf of all other persons similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

37. Plaintiff seeks to certify a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

38. *Class Definition.* The Class consists of: All natural persons to whom Defendant mailed a written communication in the form of *Exhibit A* which inaccurately states the name of the creditor to whom a debt is owed to an address in the State of Wisconsin during the Class Period which begins on June 24, 2018 and ends on July 15, 2019.

39. The identities of the Class members are readily ascertainable from CONSTAR's business records or those entities on whose behalf CONSTAR attempted to collect debts.

40. *Class Claims.* The Class claims include all claims each Class member may have for a violation of the FDCPA arising from Defendant having mailed a written communication in the form of *Exhibit A* to such Class member.

41. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

42. *Numerosity.* On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

43. *Common Questions Predominate.* Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members because such questions and issues concern the same conduct by CONSTAR with respect to each Class member.

44. *Typicality.* Plaintiff's claims are typical of those of the Class because those claims arise from a common course of conduct engaged in by CONSTAR.

45. *Adequacy.* Plaintiff will fairly and adequately protect the interests of the Class members insofar as Plaintiff has no interest adverse to the Class members. Moreover, Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

46. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

47. Based on discovery and further investigation (including, but not limited to, disclosure by CONSTAR of class size and net worth), Plaintiff may, in addition to moving for class certification using modified Class definitions, Class claims, or Class periods, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VI. CAUSE OF ACTION FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

48. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

49. CONSTAR is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

50. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

51. WHITNEY is a "consumer" as defined by 15 U.S.C. § 1692a(3).

52. *Exhibit A* is a "communication" as defined by 15 U.S.C. 1692a(2).

53. The use and mailing of *Exhibit A* by CONSTAR in an attempt to collect the Debt violated the FDCPA in the following way:

    (a)    Failing to disclose the name of the creditor as required by 15 U.S.C. § 1692g(a)(2); and

    (b)    Making a false, deceptive, or misleading representation in connection with the collection of a debt in violation of 15 U.S.C. § 1692e.

## VII.   PRAYER FOR RELIEF

54. WHEREFORE, Plaintiff demands judgment against CONSTAR as follows:

    (a)    An Order certifying this action as a class action pursuant to Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel pursuant to Rule 23(g);

    (b)    An award of statutory damages for the Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    (c)    An award to Plaintiff for services on behalf of the Class as determined in the discretion of the Court;

    (d)    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    (e)    An award of actual damages to Plaintiff or the Class to the extent the recovery of reasonable attorneys' fees and costs cause a negative tax consequence to Plaintiff or the Class; and

    (f)    For such other and further relied as may be just and proper.

### VIII. JURY DEMAND

55. Trial by jury is demanded on all issues so triable.

|  |  |
|---|---|
| Dated: June 24, 2019 | *s/Francis R. Greene*<br>Francis R. Greene<br>Francis R. Greene (WI Bar # 1115577)<br>Philip D. Stern (NJ Bar # 045921984)<br>Andrew T. Thomasson (NJ Bar # 048362011)<br>*Attorneys for Plaintiff, Jean Whitney*<br>STERN•THOMASSON LLP<br>3010 South Appleton Road<br>Menasha, Wisconsin 54952<br>Telephone (973) 379-7500<br>E-mail: Philip@SternThomasson.com<br>E-mail: Andrew@SternThomasson.com<br>E-mail: Francis@SternThomasson.com |